IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AHMED REZA HABIB | * | |
| Petitioner | * | |
| v. | * | CIVIL ACTION NO. RDB-07-2905 |
| CALVIN MCCORMICK, IMMIGRATION & CUSTOMS ENFORCEMENT FIELD OFFICE DIRECTOR | * | |
| | * | |
| PETER KEISLER, ASSISTANT ATTORNEY GENERAL | * | |
| Respondents | * | |

\* \* \* \* \*

## **MEMORANDUM OPINION**

This counseled Petition for habeas corpus relief was received for filing on October 23, 2007.  Petitioner alleges he is a native of Pakistan and is a lawful permanent resident alien who came to the United States in 1993 when he was nine years old.  (Paper No. 1.)  Petitioner has been charged as removable as an "aggravated felon" based on two convictions for second-degree assault and sentences of more than one year in each case.  *Id*.  He claims he was released from state custody in March of 2007, and was taken into U.S. Immigration & Customs Enforcement ("ICE") custody on August 29, 2007, pending removal proceedings.  *Id*.  A master calendar hearing is scheduled for October 31, 2007.  *Id*.  Petitioner asserts that he is being held pursuant to the mandatory detention provisions of 8 U.S.C. § 1226(c).

Petitioner claims that §1226(c) does not apply to him.[1] He further asserts that his continued detention under § 1226(c), without being afforded protections of a detention hearing to determine bond violates due process under the Fifth Amendment.[2] (Paper No. 1.)

Petitioner's due process challenge to his continued pre-removal order of detention is without merit. ICE may mandatorily detain a deportable alien under § 1226(c) prior to removal proceedings. *See Demore v. Kim*, 538 U.S. 510, 531 (2003).[3] In *Demore*, the Supreme Court generally upheld the constitutionality of 8 U.S.C. § 1226, with the caveat that the Attorney General may detain an alien without conducting an individualized bail hearing where the alien concedes he is removable within the meaning of 8 U.S.C. § 1226(c)(1)(B). *See Demore,* 538 U.S. at 522-23, 531.

After a removal order becomes final, ICE must detain the alien until he is removed for up to ninety days (the "removal period"). *See* 8 U.S.C. § 1231(a)(2); *see also Zadvydas v. Davis,* 533 U.S. 678, 682 (2001). Although § 1231(a)(6) appears to authorize discretionary indefinite detention of a removable alien beyond such period, the Supreme Court has indicated that indefinite detention would raise serious constitutional issues. Thus, the Court found that the statute permits ICE to detain an alien beyond the removal period only as long as reasonably necessary to bring about his removal and that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Zadvydas,* 533 U.S. at 689, 699. The Court further

---

[1] Petitioner seemingly claims that as immigration authorities failed to take him into "immediate custody" after his release from state custody, § 1226(c) does not apply to him. The Court finds this argument unavailing.

[2] Petitioner is currently confined at the Dorchester County Detention Center in Cambridge, Maryland.

[3] Counsel cites to the case of *Welch v. Ashcroft*, 293 F.2d 213 (2002), in support of his due process claim. *Welch* was subsequently abrogated by *Demore*. *See Welch v. United States*, 409 F.3d 646, 649, n. 1 (2005).

stated that detention beyond six months after the issuance of a final removal order is presumed unconstitutional but that the government can rebut the presumption by establishing that removal is reasonably foreseeable. *Id.* at 701.

Petitioner has been held in mandatory detention for two months while awaiting removal proceedings. The Court finds no statutory or constitutional violation associated with his detention.[4] For these reasons the 28 U.S.C. § 2241 Petition shall be dismissed without prejudice. A separate Order follows.

October 30, 2007

/s/

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[4] At no point in this counseled action does Petitioner directly contest the charges of removability.